D. Maimon Kirschenbaum
Denise Schulman
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
**MARIA VAZQUEZ and MARIA CAMPOVERDE,**

        **Plaintiffs,**

    **v.**

**J&J BEAUTY NAIL INC. d/b/a JJ FINE NAILS, YINCI SHI, and QINGFENG FU,**

        **Defendants.**
----------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**INDEX NO.: 15 Civ. 822**

**DEMAND FOR JURY TRIAL**

Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

1

## PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Both Plaintiffs are hereinafter collectively referred to as "Plaintiffs."

5. Defendant J & J Beauty Nail Inc. ("J & J") is a New York corporation that owns and operates JJ Fine Nails, a nail salon located in New York, New York.

6. Upon information and belief, J & J has an annual gross volume of sales in excess of $500,000.

7. Defendant Yinci Shi is an owner of J & J.

8. Defendant Qingfeng Fu is an owner of J & J.

9. Defendants Shi and Fu exercise sufficient control of J & J and JJ Fine Nails's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

10. Defendants Shi and Fu have and exercise the authority to hire and fire employees at JJ Fine Nails. For example, Defendant Fu hired both Plaintiffs, and Defendant Shi fired Plaintiff Vazquez.

11. Defendants Shi and Fu have and exercise authority to set employees rates of pay at JJ Fine Nails. For example, Defendant Fu set Plaintiff Campoverde's rate of pay, and Defendants Shi and Fu set Plaintiff Maria Vazquez' rate of pay.

12. Defendants Shi and Fu have and exercise the authority to sign paychecks for JJ Fine Nails's employees.

13. Defendants Shi and Fu are the only managers at JJ Fine Nails, and they actively supervise employees in the salon.

14. Plaintiff Maria Vazquez worked for Defendants at JJ Fine Nails as a manicurist/pedicurist from approximately November 2007 until her termination on or about December 31, 2014.

15. Plaintiff Maria Campoverde worked for Defendants at JJ Fine Nails as a manicurist/pedicurist/massager/waxer from approximately 2009 until in or about August 2014.

**FACTS**

16. Defendants committed the acts alleged in this Complaint knowingly, intentionally, and willfully.

17. Defendants knew that nonpayment of minimum wage would economically injure Plaintiffs and violated federal and state laws.

18. Defendants paid Plaintiffs less than the full state and federal minimum wages for their hours worked, including regular hours and overtime hours.

19. Throughout Plaintiff Vazquez' employment with Defendants, she worked from 10 a.m. to 8:30 p.m., five or six days per week.

20. During most of Plaintiff Campoverde's employment with Defendant, she worked 10.5 hours a day, five days a week. At times, she worked four or six days a week. Occasionally, her workdays lasted 11 hours.

21. Throughout Plaintiffs' employment, they were paid a daily rate for every day they worked.

22. At the beginning of Plaintiff Vazquez' employment, her rate of pay was $50 per pay.

23. Periodically, Plaintiff Vazquez received raises to her daily rate in $5 increments.

24. By the end of Plaintiff Vazquez' employment, her rate of pay was $70 per day.

25. At the beginning of Plaintiff Campoverde's employment, her rate of pay was $60 per day.

26. For approximately the last six months of Plaintiff Campoverde's employment, her rate of pay was $70 per day.

27. Throughout their employment, Plaintiffs' pay amounted to less than the federal and state minimum wages.

28. Defendants never notified Plaintiffs that they intended to pay them pursuant to federal or state tip credits.

29. Throughout Plaintiffs' employment, Defendants never paid them an overtime premium of one and a half times their regular rate for hours worked in excess of 40 per week.

30. Throughout Plaintiffs' employment, Defendants did not pay Plaintiffs New York's "spread of hours" premium for workdays that spanned more than 10 hours.

31. Defendants did not provide Plaintiffs with the appropriate notices under N.Y. Lab. L. § 195.  For example, Plaintiffs never received an annual form that stated the wages to which they were entitled under N.Y. Lab. L. § 195(1). Similarly, Plaintiffs never received wage statements with their pay containing the information required under N.Y. Lab. L. § 195(3).

32. Upon information and belief, Defendants failed to maintain records of Plaintiffs' hours worked and compensation paid, as required under the FLSA and New York law.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**

33. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

34. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within

the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

35. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

36. Plaintiffs seeks damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**

37. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

38. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

39. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs at one and one half times their regular rate (or, if their regular rate was less than the minimum wage, the minimum wage) for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs had been entitled to overtime.

40. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

41. Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)

42. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

43. Defendants did not pay Plaintiffs the New York minimum wage for all hours worked.

44. Defendants' failure to pay Plaintiffs the New York minimum wage was willful.

45. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2)

46. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

47. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

48. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rate of one-and-one-half times their regular rate wage (or, if their regular rate was less than the minimum wage, the minimum wage) for hours worked in excess of forty (40) hours per workweek.

49. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**(New York Spread of Hours Violations, N.Y. Lab. L. §§ 650 *et seq.*, N.Y. Comp. Code R. & Regs. tit. 12, § 142-2.4)**

50. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

51. Plaintiffs regularly had workdays that lasted more than ten (10) hours.

52. Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

53. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs, as provided by N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

54. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

55. Defendants did not provide Plaintiffs with the notices required by N.Y. Lab. Law § 195.

56. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages/penalties pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
April 23, 2015

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ Denise A. Schulman
D. Maimon Kirschenbaum
Denise Schulman
233 Broadway
5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.